UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DANIELLE DOUDY, ) | No. 10 B 31155 |
| ) | Chapter 13 |
| Debtor. ) | JUDGE: SCHMETTERER |
| _____ ) | |
| ) | |
| DANIELLE DOUDY, ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| Vs. ) | Adv. No. 11 – 00702 |
| ) | |
| CITIFINANCIAL SERVICES, INC. ) | |
| ) | |
| Defendant(s). ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ADVERSARY
COMPLAINT TO DETERMINE SECURED CREDITOR'S CLAIM
PURSUANT TO 11 U.S.C. § 506(a)

### Findings of Fact

1. The Debtor, DANIELLE DOUDY, filed this Chapter 13 proceeding on July 13, 2010. She currently owns her primary residence (hereinafter referred to as "PRIMARY RESIDENCE") presently located at 3323 Holden Circle, Matteson, Illinois 60443, legally described to wit:

**LOT 9 IN HOLDEN PARK SUBDIVISION, BEING A SUBDIVISION OF PART OF THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 25 AND PART OF THE EAST HALF OF THE NORTHEAST QUARTER OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.**

2. The Debtor's PRIMARY RESIDENCE is presently encumbered with a first mortgage currently held by Patelco Credit Union and a second mortgage held by CitiFinancial Services, Inc. in the amount of $229,777.18 and $14,681.85 respectively. Both mortgages are recorded against the subject property.

3. The value of the subject property determined by the certified appraiser dated March 18, 2011 is $110,000.00.

4. Patelco Credit Union filed a claim for the first mortgage secured against the subject property on September 1, 2010 in the amount of $229,777.18. CitiFinancial Services, Inc. filed a claim for the second mortgage secured against the property on September 21, 2010 in the amount of $14,681.85.

5.     On October 6, 2010, the Debtor filed a modified Chapter 13 plan (hereinafter referred to as "the plan").

6.     The plan filed on October 6, 2010 provides for the following:

   a.    Debtor to make payments to the Trustee in the amount of $779.09 per month for a period of 60 months;

   b.    Debtor will pay the first mortgage held by Patelco Credit Union according to the terms of the mortgage, and to pay 100% of the arrears of said mortgage monthly without interest, said mortgage being secured against the primary residence,;

   c.    Debtor to avoid the second mortgage held by CitiFinancial Services and to have the Court to determine its secured status and declare said mortgage as "unsecured" and therefore treated as other "unsecured" creditors in the plan;

   d.    Debtor to pay allowed priority claims, i.e. the Internal Revenue Service, 100%;

   e.    Debtor will pay Santander Consumer USA directly for its secured claim against her 2008 Nissan Rogue;

   f.    Debtor will not pay Harley Davidson through the plan or otherwise for the debt she co-signed for her ex-husband as her ex-husband was ordered to refinance the debt and pay it himself;

   g.    Debtor will pay all unsecured creditors 10% of their allowed claims.

7.     On March 23, 2011 the Debtor issued a summons and complaint pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012 to determine the value of security and creditor's allowed secured claim on CitiFinancial Services, Inc. by certified first class and first class mail with return receipt requested to CitiFinancial Services, Inc. An Alias Summons was issued on August 8, 2011 and served by certified mail with return receipt requested to CitiFinancial Services, Inc. by way of its registered agent, CT CORPORATION. Per the certified mail return receipt, it was received on August 11, 2011.

8.     The summons informed the registered agent that an Appearance and answer must be filed within 35 days of service of said alias summons. To date neither an Answer nor an Appearance has been filed by the Creditor/Defendant. However, an agent/employee of the Creditor/Defendant, Betty Cherry, a Bankruptcy Specialist III of the Adversary Group of CitiFinancial Services, Inc. contacted Debtor/Plaintiff's Counsel by Electronic mail and agreed and consented to the entry of a Judgment on said matter. Betty Cherry is not an agent or officer of CitiFinancial Services, Inc.

9.     CitiFinancial Services, Inc has not provided or presented any evidence that the secured claim is not valid and more importantly, no evidence that the appraised value is anything other than $210,000.00 as outlined in the certified appraisal attached and filed with the Debtor's Complaint.

10.    The first mortgage held by Patelco Credit Union in the amount of $229,777.18 exhaust all of the equity and value in Debtor's Primary Residence and therefore there is no value nor equity to support the second mortgage held by CitiFinancial Services, Inc for $14, 681.85.

### Conclusions of Law

1.    Jurisdiction lies under 28 U.S.C. §1334 (b) to adjudicate, approve and enforce the Debtor's effort by the Chapter 13 Plan to determine through confirmation and completion of such plan that the Debtor's second mortgage will no longer be secured. This is a core proceeding under 28 U.S.C. §157(b)(2) (k) to determine validity of liens.

2.    The first mortgage held by Patelco Credit Union is secured by Debtor's primary residence.

3.    The claim of CitiFinancial Services, Inc for the second mortgage in the amount of $14,681.85 is second in priority to the first mortgage held by Patelco Credit Union and is thus junior to the first mortgage.

4.    The value of the Debtor's residence is $110,000.00.

5.    As there is no value or equity to support the second lien held by CitiFinancial Services, Inc, the claim for the second mortgage held by CitiFinancial Services, Inc. is not a claim secured at all by a secured interest in the Debtor's primary residence as the term used in Section 1322(b) of the Bankruptcy Code, and he Debtor's Chapter 13 Plan may value the collateral under the Federal Bankruptcy Rule 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation, thereof, completion of the Plan by the Debtor and entry of the discharge. *See In Re Meyer 09 B 20268 (N.D. IL, January 29, 2010)*

6.    Where there is no value available to secure the debt, then, in the language of the statute, there simply is no "claim secure only by a security interest in real property that is Debtor's primary residence." 11 U.S.C. §1322(b) (2). The wholly unsecured falls outside the language of the statute. *In Re Wie 2003 WL 15659 S.D. Ind., January 8, 2003.*

SO ORDERED this 14th day of Oct, 2011.

ENTER

JUDGE JACK B. SCHMETTERER

OCT 14 2011

LAW OFFICES OF GLENDA J. GRAY
Attorney for Debtor/Plaintiff
330 North Wabash – Suite 2618
Chicago, IL 60611
(312) 755-1010